IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NANCY CARRANTE : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 13-2171 |
| CAROLYN COLVIN, : | |
| Acting Commissioner of the Social : | |
| Security Administration : | |

**ORDER**

     **AND NOW**, this 25th day of July 2011, after careful review and independent consideration of Plaintiff's request for review, Defendant's response, and the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa, to which no objections have been filed, it is hereby **ORDERED** that:

1. The Clerk of Court is directed to remove this action from the suspense docket and return it to the active docket;

2. The Report and Recommendation is **APPROVED** and **ADOPTED** in part and **MODIFIED** in part;[1]

3. Plaintiff's request for review is **GRANTED** in part and **DENIED** in part; and

4. The case is **REMANDED** to the Commissioner for further review consistent with the Report and Recommendation and this Order.

     It is so **ORDERED**.

                                                 BY THE COURT:

                                                 /s/ Cynthia M. Rufe

                                                 **CYNTHIA M. RUFE, J.**

---

[1] The Magistrate Judge properly concluded that the ALJ's reliance on Anthony Mathin's disability determination explanation was reversible error. 20 C.F.R. § 416.927(e)(1)(i). The Magistrate Judge was further correct in holding that the decision not to credit Plaintiff's treating psychiatrist's opinion in the face of contrary evaluations by Dr. Nocks (the treating psychiatrist's colleague) as well as state agency examiners, was supported by substantial evidence. Furthermore the Magistrate Judge was correct in determining that the ALJ's rejection of the treating physician's opinion was not supported by substantial evidence because it was only supported by the state agency adjudicator.
     The Court however modifies the R&R in one limited respect: the Court cannot hold on the basis of the record that the failure to discuss Plaintiff's father's evidence was harmless error. Because so much of the ALJ's determination was based on materials that should not have been received as evidence, it is unclear whether, for example, the cumulative nature of the father's testimony would have affected the weight of the evidence in favor of the Plaintiff. On remand, the ALJ should consider the function report completed by Plaintiff's father.